UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GJON PEPAJ,

    Plaintiff,

v.

ROBERT W. PALMER,

    Defendant.

_____/

Case No. 16-cv-10739

HON. AVERN COHN

## **ORDER OF DISMISSAL**

### I. Introduction

This is a pro se civil rights case 42 U.S.C. § 1983. Plaintiff Gjon Pepaj is a state prisoner. He is suing Robert W. Palmer, the attorney who represented him in his state criminal proceedings. For the reasons that follow the complaint will be dismissed for failure to state a claim.

### II. Background

In 2013, plaintiff was convicted following a jury trial of first-degree murder, carrying a concealed weapon, and possessing a firearm during the commission of a felony. He received a life sentence without the possibility of parole for the murder, two to five years in prison for carrying a concealed weapon, and two years in prison for possessing a firearm during the commission of a felony. Plaintiff says that his convictions were affirmed on appeal and that he unsuccessfully applied for the writ of habeas corpus in federal court.

In his complaint, plaintiff says that defendant manipulated him and his family into giving defendant $20,000.00 on the basis that the jury would find plaintiff guilty of manslaughter and that plaintiff would receive a sentence of twenty to forty years in prison for manslaughter. Plaintiff further says that defendant provided ineffective assistance by failing to: investigate the case; produce witnesses, including someone who allegedly saw the victim pull a gun on plaintiff; ask to have various tests performed; assert a manslaughter defense; and acknowledge the fact that he feared for his life and, therefore, could not make the right decisions during plaintiff's criminal trial. Plaintiff sues defendant in his personal capacity for monetary, declaratory, and injunctive relief.

### III.  Standard of Review

A federal district court is required to review a prisoner's complaint and dismiss it where the complaint is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; Flanory v. Bonn, 604 F.3d 249, 252 (6th Cir. 2010); Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

To establish a claim under 42 U.S.C. § 1983, a prisoner must show "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014).

### IV.  Analysis

Plaintiff's claims lack an arguable basis in law for several reasons. First, he cannot challenge his convictions in a civil rights action. Where, as here, "a state

prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Second, to the extent plaintiff seeks damages for his conviction, it is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Heck holds that in order to recover damages under section 1983, "a plaintiff must plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983." Plaintiff admits that his convictions were not invalidated by state officials or called into question on federal habeas corpus review, and success in this action would necessarily demonstrate the invalidity of his convictions and incarceration. Therefore, under Heck, he is cannot seek damages pertaining to his convictions in this civil rights action.

Finally, the sole defendant is plaintiff's former defense attorney. "Defense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding." Floyd v. County of Kent, 454 F. App'x, 493, 497 (6th Cir. 2012) (citing Polk County v. Dodson, 454 U.S. 312, 325 (1981)). Thus, plaintiff cannot show that defendant was acting under color of state law, an essential element of a section 1983 claim.

## V. Conclusion

For the reasons stated above, the complaint is DISMISSED under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  The Court also certifies that an appeal from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 442-45 (1962).

SO ORDERED.

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 11, 2016
Detroit, Michigan